PER CURIAM.
National Marine Underwriters, Inc. appeals from an order striking its sixth amended complaint as sham on the basis of defendant Loring’s affirmative defense that National Marine failed to comply with section 626.121(2), Florida Statutes (1985), requiring a “managing general agent permit.” We reverse the order and remand for further proceedings on the basis that the defendant lacked standing to assert this defense.
Colonial Penn, a licensed Florida insurer, issued a marine policy on a Chris Craft boat owned by Drs. Krieger and Altman, as insureds.[1] A theft claim was made for loss of the vessel. The claim was settled and the insureds executed a release subrogating all rights to Colonial Penn. National Marine, pursuant to its power of attorney to enforce subrogation claims on behalf of Colonial Penn, brought this suit *1008 against defendant Loring alleging he stole the boat. The claim brought by National Marine for Colonial Penn is as though Drs. Krieger and Altman had sued Loring. In such a subrogation claim, the third party causing injury to an insured cannot rely upon defenses that might have been raised between the insurer and the insured. Firestone Service Tires, Inc. of Gainesville v. Wynn, 131 Pla. 94, 179 So. 175 (1938); see 16 Couch, Cyclopedia of Insurance Law § 61:59 (1983); 6A Appleman’s Insurance Law & Practice § 4102 (1972). Consequently, defendant Loring lacks standing to assert, as he did, that National Marine violated the state insurance code.
Based on the above analysis, the order granting the defendant’s motion to strike the sixth amended complaint as sham is reversed, and the cause remanded for further proceedings which may include the assertion of other viable affirmative defenses which defendant Loring has standing to raise.
Reversed and remanded.

. Defendant Loring’s affirmative defense asserted, and there is some record evidence to support the contention, that National Marine Underwriters, Inc. acted as a managing general agent for Colonial Penn in the solicitation and the writing of the policy through Colonial Penn ultimately issued to Drs. Krieger and Altman.